FILED

**NOT FOR PUBLICATION**

NOV 07 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN STETSON, individual and all
others similarly situated; et al.,

Plaintiffs - Appellants,

v.

WEST PUBLISHING CORPORATION, a
Minnesota Corporation doing business as
BAR/BRI; et al.,

Defendants - Appellees.

No. 08-55818

D.C. No. 2:08-cv-00810-R-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued September 30, 2009
Submitted November 7, 2011
Pasadena, California

Before: PREGERSON, REINHARDT, and WARDLAW, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Stetson, et. al. ("the Stetson plaintiffs") appeal the dismissal of their class action complaint against West and Kaplan (collectively "Defendants") for alleged violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

1. The district court erred in concluding that the *Schall* lawsuit precludes the Stetson plaintiffs from filing a claim for damages and prospective relief against Defendants. *Schall* was brought on behalf of two individual law students. The Stetson plaintiffs were not a party to that action. Because their interests in a monetary recovery and injunctive relief were not represented by the *Schall* plaintiffs, they cannot be bound by the disposition of that case.

2. The district court erred in concluding that the *Rodriguez* settlement precludes the Stetson plaintiffs from bringing their claim. *Rodriguez* was brought on behalf of an earlier class of purchasers. Because the Stetson plaintiffs' interests in a monetary recovery were not represented by the plaintiffs in *Rodriguez*, they are not now barred from filing a claim for damages.[1]

Nor are the Stetson plaintiffs precluded from seeking injunctive relief for alleged conduct that took place before that settlement was entered. They were not

---

[1] The only Stetson plaintiffs whose claims for damages may be precluded are those who purchased bar review courses in July 2006, because they may have been included in the *Rodriguez* settlement.

2

virtually represented by the *Rodriguez* plaintiffs, and thus are entitled to their day in court. Because they were not part of the *Rodriguez* class, the Stetson plaintiffs could not have participated in or controlled that litigation. *See Irwin v. Mascott*, 370 F.3d 924, 929 (9th Cir. 2004) (discussing doctrinal requirements for a finding of virtual representation). Although they shared a lawyer and some interests with the *Rodriguez* class, the *Rodriguez* settlement did not necessarily address all their potential interests, nor are those similarities sufficient for a finding of virtual representation. Without greater privity, "the mere fact that a litigant in another case represented 'essentially identical' interests to those of the plaintiff [cannot] pose a bar to a separate plaintiff pursuing his own cause of action." *Green v. City of Tucson*, 255 F.3d 1086, 1101 (9th Cir. 2001) (en banc) (citing *Richards v. Jefferson County*, 517 U.S. 793, 796 (1996)), *overruled on other grounds by Gilbertson v. Albright*, 381 F.3d 965, 968–69 (9th Cir. 2004) (en banc).

Although the *Rodriguez* settlement does not preclude the Stetson plaintiffs from seeking prospective relief on the allegations contained in their complaint, the Stetson plaintiffs must also satisfy the standing requirements of *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (setting forth test for standing to seek prospective relief). Plaintiffs' claims that they will be injured by BAR/BRI's continuing monopolistic behavior have been adequately pled for standing

3

purposes. We need not determine whether, as a result of the reforms in the *Rodriguez* settlement, plaintiffs' standing claim will ultimately fail on the merits.

3. The district court also erred in concluding that the Stetson plaintiffs' complaint failed to satisfy the pleading requirements articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The factual allegations contained in the Stetson plaintiffs' complaint nudge their claims across the line from conceivable to plausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaint in *Twombly* contained allegations of parallel conduct that were accompanied by nothing more than naked and conclusory assertions that an anti-competitive agreement had been made. *Twombly*, 550 U.S. at 551–55. By contrast, the complaint here sets forth detailed facts about the dealings between BAR/BRI and Kaplan – including those that took place shortly after Kaplan demonstrated an interest in entering the bar review market, which allegedly resulted in BAR/BRI paying Kaplan large annual sums to refrain from doing so. These facts set forth a claim that, if proven, would entitle plaintiffs' to relief. *See id.* at 556; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

4. Because the parties have indicated their desire to resolve this matter through settlement, we refer this appeal to the Ninth Circuit Mediation Office to

4

explore a resolution through mediation.  The mandate shall not issue until further order of this Court.

**REVERSED and REMANDED; issuance of mandate STAYED.**